NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMRITPAL SINGH,<br><br>           Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No.   16-72662<br><br>Agency No. A205-421-899<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2019**
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,*** District Judge.

Amritpal Singh, a native and citizen of India, petitions for review of a Board

of Immigration Appeals (BIA) decision affirming the order of the Immigration

Judge (IJ) denying his application for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Petitioner's Unopposed Motion to Cancel Oral Argument and Submit Case on Briefs was granted on April 22, 2019.

\*\*\*      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Asylum is unavailable if an applicant can safely relocate to another part of his home country. *INS v. Ventura*, 537 U.S. 12, 18 (2002). Substantial evidence supports the IJ's conclusion that Singh—a member of the Mann Party, a Sikh separatist group—could reasonably relocate from Punjab to a different area within India. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) ("[W]e must uphold the IJ's determination if it is supported by reasonable, substantial, and probative evidence in the record."). The IJ relied on numerous sources, including Department of State country reports,[1] to conclude that Sikhs could safely relocate within India. Although Singh argued that he would be tracked by Punjab police if he attempted to relocate, the assertion is unsupported by specific evidence in the record.

2. Because Singh failed to establish that he was eligible for asylum, he necessarily failed to satisfy the higher burden for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

3. Because substantial evidence supports the IJ's determination that Singh

---

[1] "U.S. Department of State country reports are the most appropriate and perhaps the best resource for information on political situations in foreign nations." *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (internal quotation marks and citation omitted).

could safely and reasonably relocate within India, he is not entitled to relief on his CAT claim. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir. 2003) (citing 8 C.F.R. § 208.16(c)(3)(ii)).

4. The BIA declined to address the IJ's adverse credibility determination. Consequently, we need not address Singh's argument that the IJ's determination was in error. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013) ("This court's review of a BIA decision is limited to the decision itself, and does not include the IJ's decision, except to the extent that the BIA expressly adopted the IJ's opinion.").

**PETITION DENIED.**